
DA 12-0574

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 110N

IN RE THE PARENTING OF:

N.N.W., Minor child.

ROBERT WALKER, SR.,

> Petitioner and Appellant,

v.

RUTH MARSHALL,

> Respondent and Appellee.

APPEAL FROM:   District Court of the Seventeenth Judicial District,
In and For the County of Blaine, Cause No. DR 2012-4
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

> For Appellant:

> James L. Vogel, Attorney at Law, Hardin, Montana

> For Appellee:

> Jennifer Erin Forsyth, Bosch, Kuhr, Dugdale, Martin & Kaze, PLLP; Havre, Montana

Submitted on Briefs:   March 13, 2013

Decided:   April 23, 2013

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Robert Walker, Sr. (Robert) appeals from a judgment entered by the Seventeenth Judicial District Court, Blaine County, granting to his former girlfriend, Ruth Marshall (Ruth), primary custody of their one minor child, N.N.W. We affirm.

¶3 Ruth and Robert met and entered into a relationship sometime in 2008 or 2009. Ruth moved from the Pittsburgh, Pennsylvania area to Harlem, Montana where she and Robert resided together. Robert is an enrolled member of the White Clay Tribe of Fort Belknap Indian Reservation and is employed as an EMT with the Indian Health Service at Fort Belknap. Ruth is self-employed and is not an enrolled member of any Indian tribe. Ruth and Robert never married.

¶4 In November 2010, Ruth gave birth to the parties' first and only child together, N.N.W. N.N.W. is an enrolled member of the White Clay Tribe of the Fort Belknap Indian Reservation. Ruth, Robert, and N.N.W. resided together in Harlem until January 2012, at which point Ruth moved back to Pittsburgh with N.N.W. Since then, Ruth and N.N.W. have lived in Ruth's home in Pittsburgh. Robert continues to reside in Harlem.

¶5 On February 2, 2012, Robert petitioned the District Court for both an Interim and a Permanent Parenting Plan for N.N.W. After conducting a hearing on the request for an

Interim Parenting Plan on May 2, 2012, the District Court entered an order that placed N.N.W. with Ruth and provided for monthly supervised visits with Robert.

¶6     On August 14 and 15, 2012, the District Court held a hearing on the Permanent Parenting Plan. The parties presented witness testimony and other evidence to the court. On August 24, 2012, the District Court entered its Findings of Fact, Conclusions of Law and Decree for Parenting Plan. Among other findings, the court determined that Ruth has been the primary caretaker of N.N.W. since N.N.W.'s birth. The court found that both parties have a good relationship with N.N.W. and both parties should have substantial and continuing contact with N.N.W. However, the court found that Robert has shown erratic behaviors and has been disrespectful and occasionally aggressive at visitations. The court further found that although Ruth has a history of mental health issues, they do not represent a risk to N.N.W.'s well-being; Ruth is a fit and proper parent who presents a safe and consistent environment for N.N.W. The court concluded it is in the best interest of N.N.W. to remain in the primary residential care of Ruth in Pennsylvania, and allowed Robert four supervised visitations with N.N.W. per year. Robert appeals. We affirm.

¶7     We review a district court's factual findings in a parenting plan action to determine if they are clearly erroneous. *In re Parenting of C.W.*, 2012 MT 212, ¶ 10, 366 Mont. 278, 291 P.3d 1092. A finding is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if the district court made a mistake. *In re Parenting of C.W.*, ¶ 10. We have repeated on numerous occasions that the district court's decision is to be afforded great deference because it is in a better position than

3

this Court to resolve child custody issues. *In re Klatt*, 2013 MT 17, ¶ 13, 368 Mont. 290, 294 P.3d 391. If the findings of fact are not clearly erroneous, we will not overturn the court in child custody matters unless we determine there has been a clear abuse of discretion. *In re Parenting of C.W.*, ¶ 10. A district court abused its discretion if it acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *In re Parenting of C.W.*, ¶ 10.

¶8 We find no basis on which to reverse the District Court's decision. This case presented conflicting accusations and assertions from the parties. District Court Judge McKeon heard nearly two days of testimony from witnesses for both Robert and Ruth. After careful consideration, Judge McKeon issued a detailed Findings of Fact, Conclusions of Law and Decree for Parenting Plan, in which he concluded it was in the best interest of N.N.W. to remain in the primary residential care of Ruth in Pennsylvania. The District Court was in the best position to view the witnesses, determine their credibility, and ultimately judge the child's best interest. Based on a thorough review of the record, we determine the District Court's findings are not clearly erroneous and the court did not abuse its discretion.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶10 Affirmed.

/S/ MICHAEL E WHEAT

We concur:

4

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE